By the Court—Bosworth, Ch. J.
We think there was evidence sufficient to warrant the conclusions of the Referee that the plaintiffs’ assignor was lawfully possessed of the piano; that the defendant wrongfully took it from his possession; and that its value was the sum found as damages.
The defendant being a trespasser, the measure of damages is the value of the property. (Clark v. Pinney, 7 Cow., 681, note a; Kissam v. Roberts, ante, 154.) Where the plaintiff has only a special property, and the suit is against the general owner, the recovery will be limited to the amount of such interest. (Id.) In this case the plaintiffs’ assignor, it is true, had only a special property at the time of suit brought; but, as the defendant was a trespasser and neither the general owner nor acting under his directions, the measure of damages was the value of the property.
The defendant had no lien upon the piano. There was no agreement by the terms of which he was to have one. He did not store it in such capacity as to have a lien by the rules of the common law. (Grinnell v. Cook, 3 Hill, 491, 492; Rivara v. Ghio, 3 E. D. Smith, 267, 268.)
McKee v. Judd, (2 Kern., 622,) is to the point that the assignment to the plaintiffs was sufficient in form to transfer Schlarbaum’s right of action, and that the cause of action is assignable.
We think, therefore, that the judgment cannot be disturbed, either on the ground that the findings of fact are not warranted by the evidence, or that there is error in the conclusions of law, held by the Referee on the facts as found.
Judgment affirmed.